# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**TIRELL A. MORTON,**

    **Plaintiff,**

**v.**                                          **Civil Action No. 3:12CV126**
                                                             **(Judge Groh)**

**COREY S. WELCOME, Berkeley County Deputy,**
**BERKELEY COUNTY SHERIFF DEPARTMENT,**
**JESSIE AUSTIN JEANS,**
**SCOTT FUNKHOUSER, and**
**MARTINSBURG CITY POLICE DEPARTMENT.**

    **Defendants.**

## REPORT AND RECOMMENDATION

Th plaintiff, a *pro se* state inmate, currently incarcerated at the St. Mary's Correction Center, initiated this case pursuant to a civil rights complaint filed on October 19, 2012. On October 25, 2012, he was granted leave to proceed *in forma paperis*. Due to his financial status, on January 9, 2013, the plaintiff was granted leave to proceed without prepayment of a previously assessed initial partial filing fee. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

## I. The Complaint

In the complaint, the plaintiff is seeking damages against these five defendants for their alleged actions that lead to his wrongful arrest, conviction and incarceration. The plaintiff lists a multitude of violations committed by the various defendants. Among them are allegations that Deputy Welcome illegally arrested the Defendant and searched his car

without consent. The plaintiff alleges that he was assaulted during this arrest by Deputy Welcome and Jessie Jeans, who was a civilian traveling with Deputy Welcome on a ride along. Plaintiff alleges that it was determined by a court that Jessie Jeans was not authorized to participate in the arrest of Plaintiff but Plaintiff does not cite the court case to which he refers. Plaintiff further alleges that there was police misconduct by Deputy Welcome and Sergeant Funkhouser in Plaintiff's illegal arrest and illegal search and seizure in that they committed perjury and were outside their jurisdiction. He further alleges that there was a false press release to the newspapers defaming his character and that Deputy Welcome destroyed video tape evidence of the incident.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably

2

meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

### A. Dismissal of Berkeley County Sheriff Department and Martinsburg City Police Department as Defendants in this matter

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

The Berkeley County Sheriff's Department and the Martinsburg City Police Department are not proper defendants because these entities are not persons subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 200) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F. Supp.1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable

---

[1] Id. at 327.

to suit.")

Accordingly, the undersigned recommends that the complaint [1] against Defendants Berkeley County Sheriff's Department and Martinsburg City Police be DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted and these Defendants be DISMISSED as Defendants in this action.

**B.  Dismissal of Defendant Jessie Austin Jeans in this matter**

Similarly, the Plaintiff admits in his complaint that Defendant Jessie Austin Jeans is a civilian and was not acting under the authority or color of state law at the time these claims occurred.  (Doc. 1 at 2-3)

Accordingly, the undersigned recommends that the complaint [1] against Defendant Jessie Austin Jeans be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted and this individual be **DISMISSED** as Defendant in this action.

**C. Dismissal of Remaining Defendants Corey S. Welcome and Scott Funkhouser**

The plaintiff's claims against the defendants Corey S. Welcome and Scott Funkhouser should be dismissed as frivolous because plaintiff has no chance of success.  It appears to this court that these allegations stem from an arrest and conviction in the Berkeley County Circuit Court, Criminal Case No. 11-F-120.  In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

> actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, the Plaintiff is asserting that he was "illegally arrested and illegally searched." Both of these issues were addressed in the underlying criminal case in Berkeley County Circuit Court 11F120 where Defendant was convicted and is now serving his sentence. It is clear that a decision favorable to the plaintiff with respect to his allegations against defendants Welcome and Funkhouser in this case "would necessarily imply the invalidity of his conviction or sentence."[2] The plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits and this claim is frivolous.

## IV. Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's complaint [1] be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

failure to state a claim upon which relief may be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE