# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIRRELL A. MORTON,**

    **Plaintiff,**

**v.**                                                                               **Civil Action No. 3:12-CV-126**
                                                                                      **(Bailey)**

**CORY S. WELCOME,**
*Deputy, Berkeley County Sheriff Department*,
**BERKELEY COUNTY SHERIFF DEPARTMENT,**
**JESSIE AUSTIN JEANS,**
**SCOTT FUNKHOUSER, AND**
**MARTINSBURG CITY POLICE DEPARTMENT,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 27]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on May 23, 2013 [Doc. 27]. In that filing, the magistrate judge recommends that this Court dismiss with prejudice the plaintiff's Complaint [Doc. 1] pursuant to 28 U.S.C. § 1915A [*See* Doc. 27].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket sheet reflects that service of the R&R was accepted on June 10, 2013 [Doc. 28]. The plaintiff filed timely objections on June 14, 2013 [Doc. 29] and supplemental objections on June 24, 2013 [Doc. 31]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On October 19, 2012, the plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. In his Complaint, the plaintiff alleges the following six claims: (1) his due process rights were violated because his car was improperly searched without consent or a warrant and he was illegally arrested, (2) he was assaulted by defendants Welcome and Jeans, (3) he was assaulted by defendant Jeans at defendant Welcome's order, (4) his character was defamed when a false press release was issued, (5) defendant Welcome improperly destroyed evidence, and (6) defendants Welcome and Funkhouser participated in police misconduct [*Id.* at 7-8].

On May 23, 2013, the magistrate judge issued his R&R [Doc. 27], recommending that this Court dismiss with prejudice the plaintiff's Complaint [Doc. 1] for frivolous claims and failure to state claims upon which relief may be granted [Doc. 27]. On June 14, 2013, the plaintiff filed a document [Doc. 29], which is titled "Motion to Amend Complaint Petiotion [*sic*]" and contains a list of clarifications to his claims as well as objections to the magistrate

judge's R&R.  On June 24, 2013, the plaintiff filed another document [Doc. 31], which is titled "Supplement Motion to amend Complaint Petition" and contains additional objections to the magistrate judge's R&R.  In these filings, the plaintiff argues that his claims have merit and his Complaint should not be dismissed [*See* Doc. 29, Doc. 31].

## II.  Applicable Law

Pursuant to 28 U.S.C. § 1915A, a court must review a complaint brought by a prisoner against a governmental entity or employee to identify cognizable claims and dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915A(a) and 1915A(b)(1).  If the entire complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, then the complaint must be dismissed.  28 U.S.C. § 1915A(b)(1).  "[A] complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915[A(b)] because it fails to state a claim" under Rule 12(b)(6) of the Federal Rule of Civil Procedure.  **Neitzke v. Williams**, 490 U.S. 319, 331 (1989).  Instead, a complaint is frivolous if "it lacks an arguable basis either in law or fact." *Id.* at 325.

## III.  Discussion

### A.  Claims Against Defendants Berkeley County Sheriff Department and Martinsburg City Police Department

In the R&R, the magistrate judge concluded that the plaintiff could not raise claims against defendant Berkeley County Sheriff Department and defendant Martinsburg City Police Department because "these entities are not persons subject to suit under 42 U.S.C. § 1983" [Doc. 27 at 3].  The plaintiff does not object to this conclusion [*See* Doc. 29]; in fact, the plaintiff states in his first set of objections that he moves to dismiss the case against

3

these two defendants [*Id.* at 1]. Accordingly, this Court will review this portion of the R&R for clear error. Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation regarding the dismissal with prejudice of the claims against defendants Berkeley County Sheriff Department and Martinsburg City Police Department as well as the dismissal of defendants Berkeley County Sheriff Department and Martinsburg City Police Department from the proceeding should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report and recommendation.

### B. Claims Against Defendant Jessie Jeans

In the Complaint, the plaintiff refers to defendant Jeans as a "civilian" who was not acting under the authority or color of state law at the time that the plaintiff's claim occurred [Doc. 1 at 2-3]. In addition, the plaintiff alleges that defendant Jeans was an unauthorized ride along passenger in the police vehicle, who "physically touched" and "physically restrained" the plaintiff [*Id.* at 8]. In the R&R, the magistrate judge concluded that the claims against defendant Jeans should be dismissed with prejudice for failure to state a claim upon which relief may be granted because defendant Jeans is a "civilian [who] was not acting under the authority or color of state law at the time that these claims occurred" [Doc. 27 at 4]. The plaintiff objects to this conclusion and argues that, although defendant Jeans is a civilian, he was acting under color of state law [Doc. 29; Doc. 31]. However, even if this Court were to determine that defendant Jeans was acting under the color of state law, the plaintiff has not alleged sufficient facts for his claim to survive initial review of his Complaint pursuant to 28 U.S.C. § 1915A.

This Court first notes that the plaintiff is attempting to allege a state law claim of

4

assault in his § 1983 Complaint.  See **Wright v. Collins**, 766 F.2d 841, 849 (4th Cir. 1985).[1]  However, even if this Court were to liberally construe the plaintiff's state law claim for assault as a federal claim for excessive force, the plaintiff has not alleged facts sufficient to establish such a claim against defendant Jeans. The plaintiff has merely alleged that he was physically touched and physically restrained; he alleged no injury, let alone a serious injury [See Doc. 1; Doc. 29; and Doc. 31].  See **Harris v. City of Virginia Beach, VA**, 2001 WL 538905, *3 (4th Cir. May 22, 2001) (noting the requirement that the plaintiff experience more than a de minimis or insubstantial injury). As such, the plaintiff has not alleged sufficient facts to establish a federal claim of excessive force against defendant Jeans and this Court agrees with the magistrate judge's conclusion that the plaintiff's claims against defendant Jeans should be dismissed pursuant to 28 U.S.C. § 1915A.  Accordingly, this Court hereby OVERRULES the plaintiff's objections [Doc. 29; Doc. 31] to the extent that they pertain to this issue.  Furthermore, this Court DENIES as moot the plaintiff's June 14, 2013, filing [Doc. 29] to the extent that it can be construed as a Motion to Amend the Complaint with regard to his claims against defendant Jeans.

### C.  Claims Against Defendants Deputy Cory Welcome

The plaintiff raises five claims against defendant Welcome: (1) illegal arrest and search and seizure (Claim One); (2) assault (Claim Two); (3) defamation of character (Claim Four); (4) destruction of evidence (Claim Four); and (5) police misconduct (Claim Five).

---

[1]"Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law."  **Wright v. Collins**, 766 F.2d 841, 849 (4th Cir. 1985).

### 1. Assault Claim

In his R&R, the magistrate judge concluded that the claims against defendant Welcome should be dismissed as frivolous [Doc. 27 at 4-5]. With regard to the claim for assault against defendant Welcome, this Court notes that, similar to his assault claim against defendant Jeans, the plaintiff merely alleges that defendant Welcome "physically touched" him [Doc. 1 at 8] and ordered defendant Jeans to physically touch the plaintiff [Doc. 31 at 1]. The plaintiff alleges no injury as a result of this physical touching [*See* Doc. 1; Doc. 29; and Doc. 31]. As such, for those same reasons discussed in further detail in Section III.B. of this Order, this Court agrees with the magistrate judge's conclusion that the plaintiff's assault claim against defendant Welcome should be dismissed pursuant to 28 U.S.C. § 1915A. In addition, this Court hereby OVERRULES the plaintiff's objections on this issue and DENIES as moot the plaintiff's June 14, 2013, filing [Doc. 29] to the extent that it can be construed as a Motion to Amend the Complaint with regard to his assault claim against defendant Welcome.

### 2. Illegal Arrest and Search and Seizure, Destruction of Evidence, and Police Misconduct Claims

In the R&R, the magistrate judge concluded that the claims against defendant Welcome should be dismissed as frivolous [Doc. 27 at 4-5]. In particular, the magistrate judge concluded that a decision favorable to the plaintiff with regard to his claims against defendant Welcome would imply that the plaintiff's conviction or sentence is invalid because the plaintiff's assertions were addressed in his underlying state criminal case for which the plaintiff was convicted and is now serving his sentence [Doc. 27 at 5]. As noted by the magistrate judge, the Supreme Court has held that, "in order to recover damages

6

for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ." [Doc. 27 at 4-5, quoting **Heck v. Humphrey**, 512 U.S. 477, 486-87 (1994)]. The magistrate judge concluded that the plaintiff has no chance of success on the merits because the plaintiff failed to meet this burden [*Id.* at 5, relying on **Heck**, 512 at 487]. This Court agrees with the magistrate judge's conclusion with regard to the plaintiff's claims against defendant Welcome pertaining to the plaintiff's arrest, search and seizure, destruction of evidence, and police misconduct claims.

In his objections, the plaintiff states that he is disputing the magistrate judge's quotation from **Heck** with an order issued by the Circuit Court of Berkeley County, West Virginia [Doc. 31 at 2, referring to Doc. 31-1]. However, the circuit court order referenced by the plaintiff, which is titled "Order Appointing Counsel, Directing Counsel for Petitioner to File an Amended Petitioner, and Directing Petitioner to Complete Losh List" [Doc. 31-1], does not state anything in opposition to the Supreme Court's ruling in **Heck**. The ruling merely (1) appointed counsel to assist the plaintiff (who is referred to as the petitioner in the state habeas proceeding) in a writ of habeas corpus ad subjiciendum proceeding, (2) provided a deadline for the filing of an amended writ of habeas corpus ad subjiciendum, and (3) stated that it would withhold granting a hearing until the plaintiff completes a **Losh**[2]

---

[2] **Losh v. McKenzie**, 166 W.Va. 762, 277 S.E.2d 606 (1981).

list detailing the grounds enumerated in support of the state proceeding petition and the waived habeas allegations [*Id.*]. Liberally construed, the plaintiff appears to be objecting to the magistrate judge's conclusion that the plaintiff has failed to establish that his conviction or sentence has been "declared invalid by a state tribunal authorized to make such a determination." However, the plaintiff must demonstrate that his conviction or sentence has already been declared invalid; it is not sufficient for the plaintiff to point to a pending state habeas proceeding. As such, this Court agrees with the magistrate judge's conclusion that these claims are frivolous because there is no arguable basis in law or fact for the claims [*See* Doc. 27 at 5]. Accordingly, this Court hereby OVERRULES the plaintiff's objections [Doc. 29; Doc. 31] to the extent that they pertain to this issue and DENIES as moot the plaintiff's June 14, 2013, filing [Doc. 29] to the extent that it can be construed as a Motion to Amend his claims against Defendant Welcome pertaining to the plaintiff's arrest, search and seizure, destruction of evidence, and police misconduct claims.

### 3. Defamation of Character Claim

The plaintiff alleges that his character was defamed when a false press release and negative images were issued to the press [Doc. 1 at 8]. In his supplemental objections and motion to amend, the plaintiff further states that "the false press release was the statement 'that [he] was identified in a photo array' [w]hich was not true because Judge Gina Groh threw out the identification during [his] suppression hearing" [Doc. 31 at 1]. It is not clear against which defendant the plaintiff is raising these allegations; this Court has construed the plaintiff's defamation claim as one against defendant Welcome because he is the only defendant listed under this claim in the plaintiff's Complaint.

Regardless of against whom the plaintiff raises this claim, the plaintiff's claim must

be dismissed. Although a § 1983 defamation claim may be cognizable if the plaintiff alleges an injury to a constitutionally-protected right,[3] there is no remedy afforded by the Constitution for a reputational injury, which is what the plaintiff has alleged in this case. *See* **Goodall v. Hodges**, 1996 WL 729298, *1 (4th Cir. Dec. 19, 1996) ("[C]laims of defamation may sometimes be cognizable under § 1983 by alleging injury to a constitutionally protected right . . .."); *see also* **Aylor v. Town of Culpepper**, 1996 WL 671340, *1 (4th Cir. Nov. 20, 1996) ("[T]he district court properly dismissed the § 1983 defamation claim because the United States Constitution does not afford a remedy for reputational injury alone.") (internal citations omitted). Furthermore, the plaintiff admits that the photo array identification was thrown out by the judge presiding over his suppression hearing and trial; therefore, there was no prejudice or harm to the plaintiff's underlying criminal proceeding [*See* Doc. 31 at 1].

For the foregoing reasons, the plaintiff has failed to state a claim of defamation upon which relief can be granted and this Court agrees with the magistrate judge's conclusion that the plaintiff's defamation claim against defendant Welcome should be dismissed pursuant to 28 U.S.C. § 1915A. In addition, this Court hereby OVERRULES the plaintiff's objections on this issue and DENIES as moot the plaintiff's June 14, 2013, filing [Doc. 29] to the extent that it can be construed as a Motion to Amend the Complaint with regard to his defamation claim against defendant Welcome.

---

[3]"Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." **Wright v. Collins**, 766 F.2d 841, 849 (4th Cir. 1985).

### D. Claims Against Scott Funkhouser

Although the plaintiff does not specifically list Mr. Funkhouser as a defendant in the Complaint [*See* Doc. 1 at 1-3], the plaintiff does refer to Mr. Funkhouser and his alleged actions in support of the plaintiff's police misconduct claim [*Id.* at ].  In the R&R, the magistrate judge concluded that the claims against defendant Funkhouser should be dismissed as frivolous pursuant to ***Heck***[4] [Doc. 27 at 4-5].  For those same reasons further discussed in Section III.C.2. of this Order, the magistrate judge concluded that a decision favorable to the plaintiff with regard to his claims against defendant Funkhouser would imply that his conviction or sentence is invalid because the plaintiff's assertions were addressed in his underlying state criminal case for which the plaintiff was convicted and is now serving his sentence [Doc. 27 at 5].  Accordingly, the magistrate judge concluded that the plaintiff has no chance of success on the merits because the plaintiff failed to meet this burden [*Id.* at 5, relying on ***Heck***, 512 at 487].

In his objections, the plaintiff makes the same argument previously addressed by this Court in Section III.C.2. of this Order.   For those same reasons previously stated by this Court, this Court agrees with the magistrate judge's conclusion that these claims are frivolous because there is no arguable basis in law or fact for the claims [*See* Doc. 27 at 5]. Accordingly, this Court hereby OVERRULES the plaintiff's objections [Doc. 29; Doc. 31] to the extent that they pertain to this issue and DENIES as moot the plaintiff's June 14, 2013, filing [Doc. 29] to the extent that it can be construed as a Motion to Amend his Complaint and pertains to his claims against defendant Funkhouser.

---

[4] ***Heck v. Humphrey***, 512 U.S. 477 (1994).

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 27]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report as well as those additional reasons discussed in this Order. Furthermore, the plaintiff's Objections **[Docs. 29 and 31]** are **OVERRULED**. Accordingly, this Court hereby **DISMISSES with prejudice** the plaintiff's Complaint **[Doc. 1]**. In addition, to the extent that the plaintiff's June 14, 2013, and June 24, 2013, filings **[Docs. 29 and 31]** can be construed as Motions to Amend the Complaint, they are hereby **DENIED as moot**. The Clerk is directed to enter a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** July 30, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE